G. H. A. KUNST, Judge.
At about nine-thirty o’clock of the morning of the tenth day of August 1943, claimant, Artenis G. Morton, aged twenty-three, unmarried, was injured by falling through an opening in bridge flooring of a bridge under the control and jurisdiction of the state road commission, respondent herein. This bridge is located at Coal Fork, in Kanawha county, West Virginia and crosses Campbell’s creek. She fell a distance of ten or twelve feet to the creek bed, and for the injuries she sustained asks an award of $4800.00. On one end of the bridge, which is herein called the county road end, are residences, and on the other end are a store and the post office.
State road commission employees were, and had been for several weeks, engaged in relaying the floor of this bridge, having removed the old flooring from the county road end.
*263 A walkway, consisting of three boards, three inches thick by twelve inches wide, elevated about two and one-half feet above the floor of the bridge, extended across the left side of the bridge, which was eighty to eighty-five feet in length, for the convenience of pedestrians to cross the bridge, many crossing each day. Barricades at both ends of the roadway stopped vehicular traffic. The new flooring had been laid about twenty feet from the county road end of the bridge. An open space about two and one-half feet long was left uncovered, so that the walkway would not interfere with the work of reflooring, and this opening was closed during the day by the workmen upon the approach of pedestrians, by placing one end of a board twelve inches wide, three inches thick, upon the new floor of the bridge and the other end upon the walkway, thus covering the opening in the floor and the workmen would hold the board while pedestrians walked this inclined board onto the boardwalk.
When the flooring had been extended over the opening, the boardwalk was cut off a sufficient length to permit, the flooring work to be continued, and at night the flooring was extended to cover the opening.
Miss Morton had crossed the bridge, going to the store, upon the inclined plank and walkway and after about thirty minutes was returning, carrying a poke filled with groceries; she was accompanied by her sister, a girl of eight years of age, and Helen Wright, thirteen years of age. When they reached the opening in the floor they found that the board crossing the opening was not in place. Helen took the groceries and she and the other girl crossed by holding to the side railing and walking a lower side railing and stepping off on the floor without waiting for the board to be placed. Miss Morton attempted to cross without the board and fell through the opening.
The pedestrians, who crossed this bridge over this walkway, were lawfully there, and because of this fact the state road *264 commission employees were keeping this walkway in a reasonably safe condition and in so doing performing the duty imposed upon them and consequently not guilty of negligence.
Miss Morton having crossed this bridge over this opening over this board and walkway but a short time before, and, by the evidence of one witness, several times previous, which she denied, saw and knew of this opening and the method used to cover *it and to cross it, and with the six workmen then on the bridge, distant but a few feet, ready and willing to assist her, instead of waiting for the board to be placed, instead of asking that it be replaced, instead of asking for help or waiting until the opening was closed, she, knowing and appreciating (or she should have known and appreciated) the existence of danger from which injury might be reasonably anticipated, and not exercising the ordinary care of a prudent person to avoid such injury, attempted to cross and by her voluntary act in. so exposing herself to such danger, was guilty of negligence from which her injury resulted.
The court is of opinion that no award be made.